# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA
## ORANGEBURG DIVISION

| | |
|---|---|
| Raikwon Shaleek Jerome Cooper,<br><br>      Plaintiff,<br>  v.<br><br>Major Tony Phyall; Captain Boyd; Director Demry; and Lt. Clark,<br><br>      Defendants. | Case No. 5:23-cv-04818-RMG<br><br>**ORDER AND OPINION** |

This matter is before the Court on the Report and Recommendation ("R&R") of the Magistrate Judge (Dkt. No. 18), recommending that the Court dismiss Plaintiff's complaint without prejudice and without service of process. Plaintiff has filed no objections to the R&R. For the reasons set forth below, the Court adopts the R&R as the order of the Court and dismisses Plaintiff's complaint without prejudice and without issuance and service of process.

Plaintiff, a pretrial detainee, alleges in his *pro se* complaint that he developed migraine headaches, an upset stomach, and nausea and vomiting after smelling gas in his dorm. He complains that his request for a mask was not honored. He acknowledges, however, that the detention center maintenance staff determined the source of the odor was the boiler and turned off the boiler. Plaintiff and other detainees were then moved into the dayroom until the odor had cleared. The Magistrate Judge concluded that the Plaintiff had not sufficiently alleged a claim for deliberate indifference and recommended the dismissal of this action without issuance or service of process.

This Court liberally construes complaints filed by *pro se* litigants to allow the development of a potentially meritorious case. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a viable federal claim; nor can the

Court assume the existence of a genuine issue of material fact where none exists. *See Weller v. Dep't of Social Services*, 901 F.2d 387 (4th Cir. 1990).

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where the plaintiff fails to file any specific objections, "a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted). Because Plaintiff did not file objections to the R&R, the Court reviews the R&R for clear error.

The Court, after carefully reviewing the R&R and the record in this matter, finds that the Magistrate Judge ably addressed the issues and correctly concluded that Plaintiff's complaint should be dismissed without prejudice and without service of process as it fails to state a claim for the reasons articulated in the R&R. The Court **ADOPTS** the R&R (Dkt. No. 18) as the order of Court and **DISMISSES** Plaintiff's complaint **WITHOUT PREJUDICE AND WITHOUT ISSUANCE AND SERVICE OF PROCESS**.

AND IT IS SO ORDERED.

s/ Richard Mark Gergel
United States District Judge

November 7, 2023
Charleston, South Carolina